CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JUL 16 2007 for C'ville
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORP., <br><br> *Plaintiff,* <br><br> v. <br><br> AN EASEMENT TO CONSTRUCT, OPERATE, AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN GREENE COUNTY, VIRGINIA, OWNED BY MICHAEL E. WALKER, ALAN D. WARD, NORMA J. CARON-WARD, RONNE EDWARD LAWSON, DORIS JEAN LAWSON, DAVID ROACH, DONNA L. ROACH, LEONIDAS M. SCHWARTZ, ROSLYN J. SCHWARTZ, WINSTON D. SCHWARTZ, ALICE W. VINING AND GEORGE J. VINING III (CO-TRUSTEES OF THE ALICE WILLIAMS VINING TRUST AGREEMENT DATED JULY 29, 1987), AARON BUCHANON-WARD, MELINDA J. BUCHANON-WARD, JAMES W. SHIFFLET, JOYCE MORRIS, THOMAS M. GARTH, MARY B. GARTH, LEBERT WAYNE DEAN, DEBORAH GARTH DEAN, AND UNKNOWN PERSONS AND INTERESTED PARTIES, AND <br><br> AN EASEMENT TO CONSTRUCT, OPERATE, AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN LOUISA COUNTY, VIRGINIA, OWNED BY ALAN WILLIAMS, JAMES A. O'CONNOR, NINA J. O'CONNOR, AND UNKNOWN PERSONS AND INTERESTED PARTIES <br><br> *Defendants* | CIVIL NO. 3:07cv00028 <br><br> MEMORANDUM OPINION and ORDER <br><br> JUDGE NORMAN K. MOON |

Plaintiff, a natural gas company, has sued several landowners in this condemnation action. By counsel, several Defendants—Ronnie Edward Lawson, Doris Jean Lawson, David Roach, and Donna L. Roach—filed an "Objection to Jurisdiction and Motion for Change of Venue" on June 25, 2007 (docket entry no. 40). Because this Court has subject matter

- 1 -

jurisdiction and because venue in this Court is proper, Defendants' "objection and motion" will be DENIED.

First, the entirety of Defendants' argument on jurisdiction grounds is: "Defendants Object to the Jurisdiction of this Court in this Action and Assert that the Greene County, Virginia, Circuit Court is the Proper Jurisdiction for this Action and Move the Court to Transfer Jurisdiction of this Action to the Greene County, Virginia, Circuit Court." (*See* Defs.' Objection To Jurisdiction and Mot. for Change of Venue ¶ 1) Defendants' counsel failed to cite any legal authority for his "objection to jurisdiction," forcing me to construe Defendants' "objection" as a motion for lack of jurisdiction over the subject matter pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. As Defendants conceded in their answer, this Court has subject matter jurisdiction over this action pursuant to the right of eminent domain provided for by Congress. (See Compl. ¶ 1; Answer to Compl. ¶ 1). In the Natural Gas Act, Congress provided federal district courts with subject matter jurisdiction in cases such as this one. *See* 15 U.S.C.A. § 717f(h) (West 2007) (providing certain holders of a certificate of public convenience and necessity with "the right of eminent domain in the district court of the United States for the district in which [the relevant] property may be located, *or* in the State courts"). Quite clearly, Congress gave these holders the option of suing in federal or state court. Here, Plaintiff has chosen the former. Accordingly, this Court has subject matter jurisdiction.

Second, Defendants "Object to the Venue of this United States District Court in this Action and Assert that the Greene County, Virginia, Circuit Court is the Proper Venue for this Action and Move the Court to Transfer Venue of this Action to the Greene County, Virginia, Circuit Court, where Defendants' Properties to be Condemned are in Greene County Virginia." (*See* Defs.' Objection To Jurisdiction and Mot. for Change of Venue ¶ 2) Plaintiff filed this

action in federal court and I have determined that this federal court has subject matter jurisdiction; venue would therefore be proper in any federal judicial district "in which ... a substantial part of property that is the subject of the action is situated." 28 U.S.C.A. § 1391(b)(2) (West 2007). Because this district court appears to be such a district, venue is also proper.

Defendants' arguments are completely without merit and, therefore, I hereby DENY Defendants' motion (docket entry no. 40).

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
United States District Judge

Date: July 16, 2007