CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JUL 20 2007
C'ville
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

COLUMBIA GAS TRANSMISSION CORP.,

    *Plaintiff,*

v.

AN EASEMENT TO CONSTRUCT, OPERATE, AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN GREENE COUNTY, VIRGINIA, OWNED BY MICHAEL E. WALKER, ALAN D. WARD, NORMA J. CARON-WARD, RONNE EDWARD LAWSON, DORIS JEAN LAWSON, DAVID ROACH, DONNA L. ROACH, LEONIDAS M. SCHWARTZ, ROSLYN J. SCHWARTZ, WINSTON D. SCHWARTZ, ALICE W. VINING AND GEORGE J. VINING III (CO-TRUSTEES OF THE ALICE WILLIAMS VINING TRUST AGREEMENT DATED JULY 29, 1987), AARON BUCHANON-WARD, MELINDA J. BUCHANON-WARD, JAMES W. SHIFFLET, JOYCE MORRIS, THOMAS M. GARTH, MARY B. GARTH, LEBERT WAYNE DEAN, DEBORAH GARTH DEAN, AND UNKNOWN PERSONS AND INTERESTED PARTIES, AND

AN EASEMENT TO CONSTRUCT, OPERATE, AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN LOUISA COUNTY, VIRGINIA, OWNED BY ALAN WILLIAMS, JAMES A. O'CONNOR, NINA J. O'CONNOR, AND UNKNOWN PERSONS AND INTERESTED PARTIES

    *Defendants*

CIVIL NO. 3:07cv00028

MEMORANDUM OPINION and ORDER

JUDGE NORMAN K. MOON

    This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment and Immediate Access to and Possession of Easements Condemned, filed on June 28, 2007 (docket entry no. 41) as against Defendants Michael E. Walker; Alan D. Ward and Norma J. Caron-Ward; Ronnie Edward and Doris Jean Lawson; David and Donna L. Roach; Aaron and Melinda

J. Buchanan-Ward; Lebert Wayne and Deborah Garth Deane; and James A. and Nina J. O'Connor.

Because the Natural Gas Act authorizes Plaintiff, as the holder of a certificate of public convenience and necessity, to condemn the property rights implicated here, it is entitled to condemn those rights. Additionally, because Plaintiff meets the four-part *Blackwelder* requirement for injunctive relief, it is entitled to immediate access and possession of the easements. For these reasons, explained more fully below, Plaintiff's motion will be GRANTED.

## I. BACKGROUND

Plaintiff Columbia Gas Transmission Corporation ("Plaintiff") is a natural gas pipeline company subject to regulation by the Federal Energy Regulatory Commission under the Natural Gas Act ("NGA"), codified at 15 U.S.C. §§ 717–717z. Plaintiff owns pipeline easements across property owned by all the defendant landowners (collectively "Defendants"). (Compl. 1–2) In fact, for more than forty years, Plaintiff has owned, operated, and maintained a twenty-four-inch natural gas pipeline running across the Greene County properties and two eighteen-inch natural gas pipelines running across the Louisa County properties. (Compl. 2)

On November 1, 2005, the Federal Energy Regulatory Commission ("FERC") issued to Plaintiff a Certificate of Public Convenience and Necessity ("FERC Certificate"). *See Columbia Gas Transmission Corp.*, 113 F.E.R.C. 61,118, 61,450, 2005 WL 2859047 (2005) [hereinafter FERC Certificate] (issuing certificates and authorizing abandonment). (Compl. ¶ 6) Pursuant to the FERC Certificate, Plaintiff intends to build two additional twenty-four-inch natural gas pipelines, one each across the Green County properties ("Green County Pipeline") and the Louisa County properties ("Louisa County Pipeline") (collectively "Pipelines"). (Compl. 2)

Plaintiff was unable to negotiate the terms of the easements with Defendants (Compl. ¶ 3; McCoy Decl. ¶ 11), so it sued, seeking condemnation of property interests held by Defendants for the construction of the Pipelines. Plaintiff seeks partial summary judgment on the issue of its authority to condemn the easements and it seeks entry of a preliminary injunction granting immediate access and possession of the condemned easements as to several of the defendants.

## II. STANDARD OF REVIEW

### A. Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that a court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment under Rule 56 is appropriate only when the court, viewing the record as a whole and drawing reasonable inferences in the light most favorable to the nonmoving party, determines that the Rule 56(c) standard has been met. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994); *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.*, 763 F.2d 604, 610 (4th Cir. 1985). Additionally partial summary judgment—that is, judgment on issues constituting less than the whole case—is permitted by Rule 56(d).

If the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' … an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party shows such an absence of evidence, the burden shifts to the nonmoving party to set forth specific facts illustrating genuine issues for trial. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. A court must grant a motion for summary

judgment if, after adequate time for discovery, the nonmoving party fails to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but … [must] by affidavits or as otherwise provided in … [Rule 56] set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Indeed, the nonmoving party cannot defeat a properly supported motion for summary judgment with mere conjecture and speculation. *Glover v. Oppleman*, 178 F. Supp. 2d 622, 631 (W.D. Va. 2001) ("Mere speculation by the non-movant cannot create a genuine issue of material fact."). If the proffered evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Anderson*, 477 U.S. at 242). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. The trial judge has an "affirmative obligation" to "prevent 'factually unsupported claims and defenses' from proceeding to trial." *Id.* (quoting *Celotex*, 477 U.S. at 317). In short, "[s]ummary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented." *McLean v. Patten Cmtys., Inc.*, 322 F.3d 714, 719 (4th Cir. 2003).

### B. Preliminary Injunction

Although a special rule of civil procedure in federal courts governs condemnation actions, *see* Fed. R. Civ. P. 71A, the remainder of the federal rules apply "except as otherwise provided" by Rule 71A, *see* Fed. R. Civ. P. 71A(a). Because Rule 71A is silent with respect to preliminary injunctive relief, Rule 65 applies. *See E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 822–24 (4th Cir. 2004). And with respect to early access in condemnation cases, which Plaintiff here

seeks, the Fourth Circuit has held specifically that "a gas company with condemnation power under the NGA may apply under Rule 65(a) for a preliminary injunction awarding immediate possession" if it, "of course, establish[es] that it is entitled to equitable relief." *Id.* at 824.

In construing Rule 65, courts in the Fourth Circuit use the hardship-balancing test as set forth in *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189, 196 (4th Cir. 1977), to determine whether to grant injunctive relief. *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 (4th Cir. 2002) (citing *Blackwelder*); *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997); *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811–12 (4th Cir. 1991).

The *Blackwelder* test requires a court to consider the following four factors:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,
(2) the likelihood of harm to the defendant if the requested relief is granted,
(3) the likelihood that the plaintiff will succeed on the merits, and
(4) the public interest.

*Direx*, 952 F.2d 812; *White-Battle v. Democratic Party of Va.*, 323 F. Supp. 2d 696, 700–01 (E.D. Va. 2004). Under this test, the plaintiff must establish grounds supporting each of these factors. *Id.*; *see also Hughes Network Sys., Inc. v. Interdigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994); *Faulkner v. Jones*, 10 F.3d 226, 233–34 (4th Cir. 1993); *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir. 1991).

In the Fourth Circuit, the first factor controls the initial inquiry: "the court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction is denied." *Scotts*, 315 F.3d at 271; *see also Direx*, 952 F.2d at 812 ("We naturally begin our analysis with that issue because [t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." (alteration in original) (quotation marks omitted)). This "irreparable harm" must be both actual and imminent and can be neither

remote nor speculative. *Direx*, 952 F.2d at 812.

If the plaintiff has made a showing that it will suffer irreparable harm if the injunction is denied, "the court must then balance the likelihood of harm to the plaintiff [if the injunction does not issue] against the likelihood of harm to the defendant [if it does]." *Scotts*, 315 F.3d at 271. "If the balance of the hardships 'tips decidedly in favor of the plaintiff,' then typically it will 'be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation.'" *Id.* (citations omitted). "But if the balance of hardships is substantially equal as between the plaintiff and defendant, then 'the probability of success begins to assume real significance, and interim relief is more likely to require a clear showing of a likelihood of success.'" *Id.*

### III. DISCUSSION

### A. Summary Judgment

The NGA gives the holder of a certificate of public convenience and necessity the right of eminent domain. *See* 15 U.S.C.A. § 717f(h) (West 2007).[1] In order to condemn a property interest, then, Plaintiff must prove three elements: (1) it is a holder of a certificate of public convenience and necessity; (2) the property to be condemned is necessary for the construction, operation, and maintenance of the pipelines at issue; and (3) that it has been unable to acquire the

---

[1] "When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds

- 6 -

Case 3:07-cv-00028-NKM-BWC Document 57 Filed 07/20/07 Page 6 of 8 Pageid#: 279

necessary property interest from the owner. *See id.* Here, there is no question that Plaintiff has met all three elements: it is a holder of a certificate of public convenience and necessity, *see* FERC Certificate, the easements to be condemned are necessary for construction of the Pipelines, *see* FERC Certificate, and, according to Plaintiff, it has been unable to negotiate easements from the Defendants (*see* McCoy Decl. ¶ 11). Because there is no genuine issue of material fact and because Plaintiff is entitled to judgment as a matter of law, its motion will be granted.

## B. Preliminary Injunction

The Fourth Circuit recently held that immediate possession is a viable option for a gas company with condemnation power; the gas company need only meet the requirements of Rule 65. *See E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 822–24 (4th Cir. 2004) ("Under the rules, then, a gas company with condemnation power under the NGA may apply under Rule 65(a) for a preliminary injunction awarding immediate possession. The gas company must, of course, establish that it is entitled to equitable relief. Congress has never given any indication that it disapproves of this procedure. Indeed, because Congress has not acted to restrict the availability of Rule 65(a)'s equitable (injunctive) remedy in an NGA condemnation, we conclude that the rule applies.").

Here, Plaintiff will suffer irreparable harm if I deny it immediate access and possession: it will be unable to stay on schedule for the construction of the Pipelines and, therefore, may not be able to meet the time requirements contemplated by the FERC Certificate and will delay delivery of natural gas to customers who need it. (*See* McCoy Decl. ¶¶ 7, 9) Additionally, Defendants will not suffer harm if the preliminary injunction is granted: Defendants' land here is already burdened with an existing easement and the only "harm" to Defendants is that of

---

$3,000." 15 U.S.C.A. § 717f(h) (West 2007).

Case 3:07-cv-00028-NKM-BWC Document 57 Filed 07/20/07 Page 7 of 8 Pageid#: 280

compensation—an issue that will not change depending on whether I grant or deny the injunction. Plaintiff will likely succeed on the merits. None of Defendants argue that Plaintiff does not have the authority to condemn their land; again, the only real issue will be the amount of compensation due to Defendants. And, finally, as the FERC Certificate states, there is a public interest in the additional Pipelines. *See* FERC Certificate ¶ 3. Accordingly, Plaintiff's motion for a preliminary injunction for early access to and possession of the easements at issue is hereby GRANTED until the completion of this case in accordance with Plaintiff's filings.[2]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment regarding its authority to condemn the properties at issue and for a preliminary injunction for early access to and possession of the easements at issue until the completion of this case is hereby GRANTED. Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, Plaintiff is hereby ordered to post a bond in the amount of its estimate of just compensation that will be due Defendants.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
United States District Judge

Date: July 20, 2007

---

[2] Should Plaintiff exceed the legal scope of its authority in building the pig receiver on the O'Connors' property, that could be a separate taking for which the O'Connors would be entitled to compensation.