IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 2 6 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AN EASEMENT TO CONSTRUCT, OPERATE, AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN LOUISA COUNTY, VIRGINIA, OWNED BY JAMES A. O'CONNOR, NINA J. O'CONNOR, AND UNKNOWN PERSONS AND INTERESTED PARTIES,<br><br>Defendants. | CIVIL NO. 3:07CV00028<br><br><br><br>**MEMORANDUM OPINION**<br><br><br><br><br><br>JUDGE NORMAN K. MOON |

At a pretrial motions hearing on May 18, 2009, I initially granted James and Nina O'Connor's Motion to Dismiss Columbia Gas Transmission Corporation's ("Columbia") Amended Complaint but then granted Columbia's oral motion to dismiss the condemnation action as to a particular piece of property pursuant to Federal Rule of Civil Procedure 71.1(i)(1)(C), thus allowing Columbia to proceed to trial under the Amended Complaint. I write separately to discuss the reasoning behind the rulings in further detail.

## I. INTRODUCTION

On November 1, 2005, the Federal Energy Regulatory Commission issued Columbia a certificate of public convenience and necessity[1] permitting the construction of two twenty-four inch natural gas transmission pipelines across several properties in Greene County and Louisa County, Virginia, including the O'Connors' property in

---

[1] Under Section 7(h) of the Natural Gas Act, a pipeline company that holds a certificate of public convenience and necessity has the right to acquire property needed for its pipeline project by eminent domain if it cannot acquire the necessary land by contract with the landowner. *See* 15 U.S.C. § 717f(h).

1

Louisa County. On June 4, 2007, after unsuccessful attempts to negotiate the terms of the easements with the various property owners, Columbia filed suit in this Court, seeking condemnation of the property interests necessary for the completion of its two new pipelines. On July 20, 2007, I granted partial summary judgment in Columbia's favor on the issue of its authority to condemn the easements over the various properties and entered a preliminary injunction granting Columbia immediate access to and possession of the condemned easements, including those over the O'Connors' property.

In the months following the date of condemnation, Columbia and the O'Connors were unable to agree to a settlement as to the amount of just compensation for the easements taken. A jury trial on the matter was set for May 20 and 21, 2009. On April 21, 2009, Columbia filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 71.1(f). The Amended Complaint contained two significant differences from the original Complaint, which was filed on June 4, 2007. The first significant difference concerned the O'Connors' ability to place roads and other structures over the newly-installed pipeline on their property. While the original Complaint prohibited the construction of a road over the pipeline, the Amended Complaint permitted such construction so long as it complied with Columbia's Minimum Guidelines.[2] Paragraph 11 of the original Complaint stated:

> The landowners may fully use and enjoy the premises to the extent that such use and enjoyment does not interfere with or obstruct Columbia's rights described in this Complaint. Among other things, the landowners shall not... place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to...paved

---

[2] Columbia's Minimum Guidelines set forth requirements for landowners to follow when constructing roads and other above-ground structures near Columbia's pipelines. The Minimum Guidelines are modeled off federal requirements and are intended to protect public safety and help assure the continuous, safe flow of natural gas supplies. The most recent version of the Minimum Guidelines was updated in February 2004. See Columbia's Am. Compl., Exh. C (docket no. 114).

2

roads or passage ways or the like on or over the permanent right-of-way area of any installed pipeline.

Paragraph 10 of the Amended Complaint, by contrast, stated:

The landowners may fully use and enjoy the premises to the extent that such use and enjoyment does not interfere with or obstruct Columbia's rights described in this Amended Complaint. Among other things, the landowners shall not...place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to...paved roads or passage ways or the like on or over the permanent right-of-way area of any installed pipeline, except as allowed under Columbia's Minimum Guidelines attached as Exhibit C.

The other relevant difference between the two complaints concerned the area of take identified in the attached plat maps. In the Amended Complaint, the plat of the take on the O'Connors' property was modified to remove from the areas to be condemned the portion of new pipeline that runs approximately parallel to two other existing pipelines on their property. Columbia claimed that the amendment was made because it already had the right to install additional pipelines "approximately parallel" to the two existing pipelines under the terms of a 1950 Right-of-Way Agreement between the two parties' predecessors-in-interest.[3]

The O'Connors filed a Motion to Dismiss Columbia's Amended Complaint on the grounds that it violated Federal Rule of Civil Procedure 71.1 and the Court's July 20, 2007 Order. In response, Columbia claimed that the amendment, which merely clarified the extent of property actually condemned and the O'Connors' rights over the easements, was proper under Rule 71.1. At the pretrial hearing on May 18, 2009, I agreed that Columbia's amendment of the Complaint was improper under Rule 71.1 but, after an oral

---

[3] At the pretrial hearing, I also ruled that the 1950 Right-of-Way Agreement was binding on the parties and permitted Columbia to lay the new pipeline, which was "approximately parallel" to the two existing pipelines on the O'Connor property.

3

motion by Columbia and argument by both parties, permitted Columbia to proceed with the Amended Complaint pursuant to Rule 71.1(i)(1)(C).

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 71.1(f) permits a plaintiff, without leave of court, to amend its complaint at any time before trial on compensation as long as the amendment would not result in a dismissal inconsistent with Rule 71.1(i)(1) or (2). Rule 71.1(i)(1), in turn, permits a plaintiff to dismiss a condemnation action as to a piece of property in three different circumstances. First, Rule 71.1(i)(1)(A) permits a plaintiff to dismiss without a court order by filing a notice of dismissal, as long as the compensation hearing has not begun and the plaintiff has not acquired title or a lesser interest or taken possession. Second, Rule 71.1(i)(1)(B) permits dismissal of an action in whole or in part by joint stipulation of the parties. Finally, Rule 71.1(i)(1)(C) permits a court, after a motion and hearing, to dismiss a condemnation action as to a piece of property at any time before compensation has been determined and paid.[4]

## III. DISCUSSION

At the hearing, I granted the O'Connors' Motion to Dismiss Columbia's Amended Complaint because, at that point, I believed that allowing Columbia to proceed under the Amended Complaint would have resulted in a dismissal of part of its condemnation action in a manner that was inconsistent with Rule 71.1(i)(1). By filing the Amended Complaint, Columbia sought to loosen restrictions on the O'Connors' ability to build roads and other above-ground structures in the easement areas and to dismiss particular portions of property from the condemnation action. While Columbia may have

---

[4] "But if the plaintiff has already taken title, a lesser interest, or possession as to any part of it, the court must award compensation for the title, lesser interest, or possession taken." Fed. R. Civ. P. 71.1(i)(1)(C).

4

already had the right, under the 1950 Right-of-Way Agreement, to the pieces of property it sought to dismiss from the condemnation action by filing the Amended Complaint, it also took those portions of property by filing its original Complaint on June 4, 2007 and was thus still seeking to dismiss particular pieces of property from the condemnation action before compensation was determined and paid. Because Rule 71.1(i)(1)(C) permits a court to take such an action only after a motion and hearing, and because Columbia failed to file a motion or ask for a hearing, I felt that allowing Columbia to proceed under the Amended Complaint would have resulted in a dismissal that was inconsistent with Rule 71.1(i)(1)(C). Furthermore, because Columbia had already taken possession of the easements described in the original Complaint by the date of the pretrial hearing, dismissing the action under Rule 71.1(i)(1)(A) was not a possibility. For these reasons, I granted the O'Connors' Motion to Dismiss.

After I granted the O'Connors' Motion, Columbia made an oral motion under Rule 71.1(i)(1)(C) to dismiss the condemnation action as to the portions of the easements it was already entitled to under the 1950 Right-of-Way Agreement. After listening to the O'Connors' arguments as to the prejudice they would suffer if Columbia was allowed to proceed with the Amended Complaint, I granted Columbia's motion. Although the O'Connors invested substantial time and money having their experts analyze the taking under the terms of the original Complaint, they were not unaware of the possibility of amendment under Rule 71.1. Given the relatively undeveloped state of case law under Rule 71.1 and its predecessor Rule 71A, and the applicability of the same set of facts that were relevant to the Motion to Dismiss, I felt that it was proper to entertain and grant Columbia's oral motion at the pretrial hearing. After a motion and hearing pursuant to

Case 3:07-cv-00028-NKM-BWC   Document 157   Filed 05/26/09   Page 5 of 6   Pageid#: 1798

Rule 71.1(i)(1)(C), I dismissed the condemnation action as to certain portions of the O'Connors' property and permitted Columbia to proceed to trial under the Amended Complaint.

## IV. Conclusion

Because I thought that allowing Columbia to proceed under the Amended Complaint without a motion and hearing would result in a dismissal of the condemnation action as to pieces of the O'Connors' property in a manner inconsistent with Federal Rule of Civil Procedure 71.1(i)(1), I initially granted the O'Connors' Motion to Dismiss. After a hearing, I then granted Columbia's oral motion to dismiss the condemnation action as to certain portions of the O'Connors' property and permitted Columbia to proceed to trial with its Amended Complaint in a manner consistent with Rule 71.1.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 26th day of May, 2009.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE