

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION,<br>                       *Plaintiff,*<br>v.<br><br>AN EASEMENT TO CONSTRUCT, OPERATE, AND MAINTAIN A 24-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN LOUISA COUNTY, VIRGINIA, OWNED BY JAMES A. O'CONNOR, NINA J. O'CONNOR, AND UNKNOWN PERSONS AND INTERESTED PARTIES,<br>                      *Defendants.* | CIVIL NO. 3:07CV00028<br><br>**MEMORANDUM OPINION**<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff Columbia Gas Transmission Corporation's Motion for Entry of Final Order of Condemnation (docket no. 161) and Defendants James and Nina O'Connors' Motion for the Award of Compensation (docket no. 163). For the reasons stated below, Columbia's Motion will be granted and the O'Connors' Motion will be denied.

I. INTRODUCTION

On November 1, 2005, the Federal Energy Regulatory Commission issued Columbia a certificate of public convenience and necessity[1] permitting the construction of two twenty-four inch natural gas transmission pipelines across several properties in Greene County and Louisa County, Virginia, including the O'Connors' property in Louisa County. On June 4, 2007, after unsuccessful attempts to negotiate the terms of the

---

[1] Under Section 7(h) of the Natural Gas Act, a pipeline company that holds a certificate of public convenience and necessity has the right to acquire property needed for its pipeline project by eminent domain if it cannot acquire the necessary land by contract with the landowner. *See* 15 U.S.C. § 717f(h).

1

easements with the various property owners, Columbia filed suit in this Court, seeking condemnation of the property interests necessary for the completion of its two new pipelines. On July 20, 2007, I granted partial summary judgment in Columbia's favor on the issue of its authority to condemn the easements over the various properties and entered a preliminary injunction granting Columbia immediate access to and possession of the condemned easements, including those over the O'Connors' property. Columbia proceeded to exercise its condemnation authority by installing a portion of a pipeline (Line VM-109), a pig receiver, and other above-ground appurtenances on the O'Connors' property. Because Columbia and the O'Connors could not agree on the amount of just compensation owed for the condemnation, a jury trial on the issue was set for May 20, 2009.

On April 21, 2009, Columbia filed an amended complaint (docket no. 114) pursuant to Federal Rule of Civil Procedure 71.1(f), which permits a plaintiff to amend its complaint at any time before trial without leave of court as long as the amendment would not result in a dismissal inconsistent with Rule 71.1(i).[2] The amended complaint contained two significant differences from the original complaint: (1) it permitted the construction of roads over Line VM-109, so long as the construction complied with Columbia's "Minimum Guidelines" (the original complaint prohibited the construction of roads over the pipeline), and (2) it removed from the areas to be condemned the portion

---

[2] Rule 71.1(i)(1) permits a plaintiff to dismiss a condemnation action as to a piece of property in three different circumstances. First, Rule 71.1(i)(1)(A) permits a plaintiff to dismiss without a court order by filing a notice of dismissal, as long as the compensation hearing has not begun and the plaintiff has not acquired title or a lesser interest or taken possession. Second, Rule 71.1(i)(1)(B) permits dismissal of an action in whole or in part by joint stipulation of the parties. Finally, Rule 71.1(i)(1)(C) permits a court, after a motion and hearing, to dismiss a condemnation action as to a piece of property at any time before compensation has been determined and paid. "But if the plaintiff has already taken title, a lesser interest, or possession as to any part of it, the court must award compensation for the title, lesser interest, or possession taken." Fed. R. Civ. P. 71.1(i)(1)(C).

2

of Line VM-109 running "approximately parallel" to two other existing pipelines on the O'Connors' property. Columbia claimed that the second amendment reflected the parties' mutual understanding that Columbia already had the right to install additional pipelines "approximately parallel" to the two existing pipelines pursuant to a 1950 Right of Way Agreement and thus did not need to condemn for that right. At a pretrial hearing held on May 18, 2009, over the O'Connors' objections, I permitted the amendment of the complaint.[3]

Just prior to the start of the jury trial, the parties submitted a proposed Integrated Pretrial Order (docket no. 140) identifying, among other things, the contested issues of law that required a ruling from the Court. After the pre-trial hearing, I issued an order on May 19, 2009 that clearly settled the contested legal issues so that the parties could properly frame their strategies and arguments concerning just compensation prior to the start of the jury trial (docket no. 143). The May 19, 2009 Order established, among other things, that:

1. The relevant date of the taking of the O'Connors' property was June 4, 2007;

2. The 1950 Right of Way Agreement was binding on the O'Connors and Columbia;

3. The area of the newly-installed pipeline that crossed under the pre-existing pipelines on the O'Connors' property was "approximately parallel" to the pre-existing lines, as defined in the 1950 Right of Way Agreement; and

4. Under the 1950 Right of Way Agreement, the O'Connors could not assert a claim for compensation in excess of $275.00 for the installation of the new pipeline (excluding the installation of the pig receiver) but were entitled to any

---

[3] The O'Connors filed a Motion to Dismiss Columbia's amended complaint, which I initially granted at the pretrial hearing for reasons stated from the bench and in a Memorandum Opinion issued after the trial on May 26, 2009 (docket no. 157). Despite initially granting the Motion to Dismiss, I did allow Columbia to amend its complaint prior to the jury trial, pursuant to Rule 71.1. The reasoning behind this decision is fully explained in the May 26, 2009 Memorandum Opinion.

3

damages that arose from the construction, maintenance, operation, and removal of the new pipeline.

After a two-day trial during which both parties presented evidence concerning the amount of just compensation owed to the O'Connors for the partial taking of their property, the jury rendered a verdict awarding the O'Connors $24,400.00 (docket no. 154). The verdict included $1,600.00 for the condemnation of any temporary easements, $2,800.00 for the condemnation of any permanent easements, and $20,000.00 for the damage to the value of the remainder of the O'Connors' property.

On June 23, 2009, after the jury trial, Columbia filed the instant Motion, asking the Court to enter a final order of condemnation describing the exact easements condemned over the O'Connors' property and confirming the amount of compensation to be paid for the easements. On July 7, 2009, the O'Connors timely filed a Memorandum in Opposition to Columbia's Motion, as well as a Motion for the Award of Compensation. In their Motion, the O'Connors claim they are entitled to an evidentiary hearing on the compensation owed for the rights taken and possessed by Columbia between July 20, 2007 (the date the Court granted Columbia's motion for partial summary judgment on the issue of its authority to condemn the easements and entered a preliminary injunction granting it immediate access to and possession of the condemned easements on the O'Connor property) and May 18, 2009 (the date the Court permitted the amendment of Columbia's complaint). Because Federal Rule of Civil Procedure 71.1(i)(1)(C) requires a court to award compensation for the title, lesser interest, or possession of any piece of property taken after the piece of property has been dismissed from a condemnation action, the O'Connors argue that the Court must hold an evidentiary hearing to determine

4

the compensation they are owed for Columbia's taking of certain rights over their land before the filing of the amended complaint.

## II. DISCUSSION

The May 19, 2009 Order issued in advance of the jury trial clearly established June 4, 2007 as the relevant date of take. As the party with the burden of proof, it was the O'Connors' – not Columbia's or the Court's -- responsibility to demonstrate to the jury the amount of just compensation owed for Columbia's partial taking of their property, including the taking that occurred between the initial date of take and the amendment of the complaint. As such, the O'Connors may not return to the Court after the jury trial and request a supplemental evidentiary hearing on compensation owed to them for Columbia's taking of their property during a period that occurred after June 4, 2007.

Furthermore, despite their argument to the contrary, the O'Connors attempted to fully present their claim for compensation arising from to the installation of Line VM-109 and the effect of the restrictions relating to the installation of that pipeline on the value of the remainder of their property. In the May 19, 2009 Order, I held that the O'Connors were entitled to $275.00 for the installation of Line VM-109 but could seek damages arising from the construction, maintenance, operation, and removal of the line. The O'Connors then presented evidence on precisely this issue, calling expert witnesses who opined that the operation of Line VM-109, combined with the concomitant restrictions, caused a twenty percent diminution in the value of the remainder of the O'Connors' property. None of the O'Connors' witnesses distinguished between the amount of diminution before the amendment of the complaint (when the construction of roads was prohibited over Columbia's pipeline) and after the amendment (when the

5

construction of roads was permitted under specific circumstances). In fact, the O'Connors' expert appraiser made no distinction between the effect of a total prohibition on road crossings versus the effect of road crossings permitted in accordance with the Minimum Guidelines: in both instances, it was his opinion that the diminution in value of the O'Connors' property would be twenty percent. Based on this testimony and the testimony of Columbia's experts, the jury awarded the O'Connors $20,000.00 for the diminution in value to the remainder of their property. To grant the O'Connors request for an evidentiary hearing on compensation at this point would only be setting them up for a double recovery on the same issue that the jury already addressed in reaching its verdict.

### III. CONCLUSION

The May 19, 2009 Order clearly established June 4, 2007 as the relevant date of take, and it was the O'Connors' burden to prove the amount of just compensation owed for the rights taken by Columbia over their property – including the rights taken during the time period between the filing of the original complaint and May 18, 2009. The O'Connors had the opportunity to, and in fact attempted to, fully present their claims for compensation at the jury trial, and they are not entitled to a second hearing on their claims. Accordingly, their Motion will be denied and Columbia's Motion for Entry of Final Order of Condemnation will be granted in a separate Order to follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 30th day of July, 2009.

_/s/ Norman K. Moon_
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE